# CORRY v. McDERMOTT.

PATENTS; INTERFERENCE; EMPLOYER AND EMPLOYEE; BURDEN OF PROOF.

Where the junior parties to an interference were admittedly employed by the senior party to construct a machine embodying an invention made by him, the burden is upon them to prove that the improvements embodied by them in the machine were their own invention, and not the ideas suggested by the senior party. (Following *Gallagher* v. *Hastings*, 21 App. D. C. 88.)

No. 279. Patent Appeals. Submitted March 15, 1905. Decided April 4, 1905.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Louis H. Gillson, Mr. H. H. Bliss,* and *Mr. C. C. Linthicum* for the appellant.

*Messrs. Winkler, Flanders, Smith, Bottum & Vilas* and *Mr. Wm. G. Henderson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision rendered by the Acting Commissioner of Patents in an interference proceeding having the following issue: "In a sawmill set-works, in combination, a reciprocating motor, an adjustable positive stop for limiting the stroke of the motor, a retarding-cylinder for limiting the speed of the motor, a set shaft for advancing the knees of a saw-

mill-carriage, and a rocker member actuated by the motor for rotating the set shaft."

The interference was declared between an application filed by Henry McDermott, July 12, 1897, and an application by Michael Corry and Reuben F. Barker, filed December 14, 1899, for reissue of patent No. 608,018, the application for which had been filed March 8, 1898.

As stated in the decision of the Examiner of Interferences: "The novel feature of this invention lies solely in the retarding-cylinder for limiting the speed of the motor in its connection with a sawmill set-works. A machine with an oil-cushion embodying the issue in controversy was built in the mill of the Menominee River Lumber Company during the spring of 1897, tested in June, a hose being employed to serve it with steam, again tested on June 27, 1897, a telescopic pipe being substituted for the hose, was found to be satisfactory, and was continued in practical use for some time. These facts are admitted by both parties, the controversy being as to whose conception it was that was reduced to practice. McDermott claims that he disclosed the invention to Corry and Barker in order that they might build the machine, and hence that the reduction to practice should inure to his benefit. Corry and Barker assert that McDermott disclosed to them an entirely different invention, and that the invention in issue which they embodied in the machine built in their mill was their own conception. The question for determination then is simply whether the invention which Corry and Barker embodied in their machine was communicated to them by McDermott."

Corry was, at the time mentioned, superintendent, and Barker was saw-filer of the aforesaid company. McDermott was a machinist employed by another company, whose establishment was on the opposite side of the street in the city of Menominee, and was the inventor and patentee of a sawmill set-works operated by hand. The operation of the latter entailed very hard work, which soon wearied the operator. It is admitted by Corry and Barker that in a letter to them relating to other matters,

and written before the commencement of the construction, Mc-Dermott had asked, "How about steam set-works?"

The burden of proof rested upon Corry and Barker in the beginning as the later applicants. And by reason of the admitted fact that they began the construction of a machine devised by McDermott, and at his request, in the course of which they claim to have invented "the retarding-cylinder for limiting the speed of the motor," namely, the attachment of the "oil-cushion," they were charged with the additional burden of proving that they had not been employed to give practical form to a conception of McDermott, but merely to accomplish a general purpose of the latter, in attempting which they had an independent conception of a novel means by which that purpose has been given practical effect. *Gallagher* v. *Hastings,* 21 App. D. C. 88, 99, and cases there cited.

A great deal of evidence was introduced in support and denial of the claims of the opposing parties, which has been carefully and fairly reviewed in the decisions of the several tribunals of the Patent Office, and all of these concur in holding that Corry and Barker have failed to overcome the burdens imposed upon them.

After an examination of the record we have come to the same conclusion, and further discussion would serve no useful purpose.

It is therefore ordered that the decision of the Acting Commissioner be affirmed, and that this decision be certified to the Commissioner of Patents, as required by law.      *Affirmed.*